Joyce A. Hemmer, ISB #7202
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jah@elamburke.com

John M. Skeriotis, Ohio Bar #0069263
(*Pro Hac Vice Application to be filed*)
EMERSON, THOMSON & BENNETT, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
Telephone: (330) 434-9999
Facsimile: (330) 434-8888
jms@etblaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, an Idaho limited liability company, and TYLER HARRISON, an individual,<br><br>Defendants. | Case No. 4:25-cv-00299-REP<br><br>ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT [DKT. 1] AND DEMAND FOR JURY TRIAL |

Harrison Gunworks LLC ("HG") and Tyler Harrison (collectively, "Defendants") respond

to the Complaint for Patent Infringement [Dkt. 1] of ABC IP, LLC ("ABC") and Rare Breed

Triggers, Inc. (collectively, "Plaintiffs") as follows. For convenience, this Answer uses the

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT [DKT. 1] AND DEMAND
FOR JURY TRIAL – 1

headings used in the Complaint; however doing so is not an admission that those headings are correct or appropriate. Every allegation not specifically admitted is denied.

## PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶2 of the Complaint.

3.      Defendants admit the allegations of ¶3 of the Complaint.

4.      Defendants admit the allegations of ¶4 of the Complaint.

## JURISDICTION AND VENUE

5.      With respect to ¶5 of the Complaint, Defendants admit that Plaintiffs brought an action for patent infringement, but deny that the action has merit.

6.      Defendants admit the allegations of ¶6 of the Complaint.

7.      Defendants admit the allegations of ¶7 of the Complaint.

8.      Defendants admit the allegations of ¶8 of the Complaint.

## BACKGROUND

9.      With respect to ¶9 of the Complaint, Defendants admit that Plaintiffs' lawsuit asserts contributory and induced infringement of U.S. Patent No. 12,038,247 (the "'247 Patent"), but deny that the lawsuit has merit. Exhibit A to the Complaint is not a certified copy of the '247 Patent, so Defendants lack knowledge and information sufficient to form a belief regarding the remaining allegations.

10.     With respect to ¶10 of the Complaint, Defendants admit that the '247 Patent issued on July 16, 2024, and that it purports to claim the benefit of a provisional application that was filed on September 8, 2022, but deny that the patent is entitled to such priority date or that the patent was lawfully and properly issued due to its invalidity.

11.     With respect to ¶11 of the Complaint, Defendants admit that a purported assignment of the '247 Patent's application to ABC has been recorded at the U.S. Patent and Trademark Office but lack knowledge and information sufficient to form a belief regarding the remaining allegations.

12.     With respect to ¶12 of the Complaint, Defendants admit that Plaintiffs' lawsuit asserts infringement of U.S. Patent Nos. 10,514,223 (the "223 Patent"), 11,724,003 (the "003 Patent"), 12,036,336 (the "336 Patent"), and 12,274,807 (the "807 Patent"), but deny that the lawsuit has merit. Exhibits B-E to the Complaint are not certified copies of the respective patents, so Defendants lack knowledge and information sufficient to form a belief regarding the remaining allegations.

13.     With respect to ¶13 of the Complaint, Defendants admit that the '223 Patent issued on December 24, 2019, but lack knowledge and information sufficient to form a belief regarding whether the patent was lawfully and properly issued.

14.     With respect to ¶14 of the Complaint, Defendants admit that the '003 Patent issued on August 15, 2023, and that ABC conceded that the patent contained errors that required a certificate of correction, but otherwise lack knowledge and information sufficient to form a belief regarding whether the patent was lawfully and properly issued.

15.     With respect to ¶15 of the Complaint, Defendants admit that the '336 Patent issued on July 16, 2024, and that ABC conceded that the patent contained errors that required a certificate of correction, but otherwise lack knowledge and information sufficient to form a belief regarding whether the patent was lawfully and properly issued.

16.     With respect to ¶16 of the Complaint, Defendants admit that the '807 Patent issued on April 15, 2025, but lack knowledge and information sufficient to form a belief regarding whether the patent was lawfully and properly issued.

17.     With respect to ¶17 of the Complaint, Defendants admit that purported assignments of the '223 Patent and the '003 Patent's application to ABC have been recorded at the U.S. Patent and Trademark Office but lack knowledge and information sufficient to form a belief regarding the remaining allegations.

18.     Defendants deny the allegations of ¶18 of the Complaint.

19.     With respect to ¶19 of the Complaint, Defendants admit that ABC's counsel sent a cease-and-desist letter to Defendants but deny that the letter had merit, as explained in their May 8, 2025, reply letter, attached herein as Exhibit 1.

20.     With respect to ¶20 of the Complaint, Defendants admit that ABC's counsel sent an email to Defendants' counsel regarding the '223 Patent, the '003 Patent, the '336 Patent, and the '807 Patent, but deny that the email had merit.

The Inventions

21.     Defendants admit the allegations of ¶21 of the Complaint.

22.     With respect to ¶22 of the Complaint, Defendants admit that the disconnector (in a

standard AR-pattern firearm) holds the hammer in a cocked position until the trigger sear can engage the hammer. In a standard semiautomatic AR-pattern firearm (i.e., with no modified or customized components), this prevents the firearm from either firing multiple rounds on a single pull of the trigger or from allowing the hammer to follow the bolt carrier as it returns to battery.

23.     With respect to ¶23 of the Complaint, Defendants admit that at least some forced-reset trigger designs utilize the cycling of the bolt carrier to cause the trigger member to be forced to the reset position (even where the user is maintaining and has not released pressure on the trigger).

24.     With respect to ¶24 of the Complaint, Defendants admit that the '223 Patent discloses (per its Summary of Invention section) a mechanism where the cycling of the action causes the hammer to forcibly reset the trigger, and where a locking bar prevents movement of the trigger until the bolt has returned to battery. The '223 Patent further speaks for itself.

25.     With respect to ¶25 of the Complaint, Defendants admit that the '003 Patent, the '336 Patent, and the '807 Patent (which are all related in the same patent family) disclose firearm trigger mechanisms that, *inter alia*, can operate in standard semiautomatic mode and forced-reset semiautomatic mode. These patents further speak for themselves.

26.     With respect to ¶26 of the Complaint, Defendants admit that the '247 Patent discloses a device with two modes of operation (standard semiautomatic and forced-reset automatic) but deny that the Patent discloses an improvement in such technologies, since such technologies were disclosed long before the '247 Patent.

27.     With respect to ¶27 of the Complaint, Defendants admit that the '247 Patent discloses a device that can operate in forced-reset mode, where a cam (which is a separate

component from the mode selector) is rotated by movement of the bolt carrier to force the trigger member to reset.

The Infringing Devices

28.     With respect to ¶28 of the Complaint, Defendants admit that HG is offering for sale and selling a Super Safety kit. Defendants deny that the Super Safety embodies the technology claimed in the '223 Patent and the remaining allegations.

29.     With respect to ¶29 of the Complaint, Defendants admit that HG sells and offers for sale the Super Safety kits via its website (https://harrisongunworks.com/) but deny the remaining allegations (including that the Super Safety infringes the asserted patents).

30.     With respect to ¶30 of the Complaint, Defendants admit that HG sells a Super Safety cam and lever (that replace a standard AR-pattern safety selector) and a trigger customized to work with the Super Safety. Defendants deny the remaining allegations.

31.     Defendants admit that ¶31 of the Complaint quotes 35 U.S.C. § 271(c).

32.     With respect to ¶32 of the Complaint, it is unclear which exact "parts" are referenced. Defendants further deny any contributory infringement.

33.     Defendants admit that ¶33 of the Complaint quotes 35 U.S.C. § 271(b).

34.     Defendants deny the allegations of ¶34 of the Complaint.

35.     With respect to ¶35 of the Complaint, the "Infringing Devices" are defined as the Super Safety kits sold by HG (see ¶28 of the Complaint); but the Super Safety kit cannot operate by itself in any mode. Furthermore, the Super Safety kit includes no separate safety selector. Therefore Defendants deny these allegations.

36. With respect to ¶36 of the Complaint, it is unclear what the referenced "user" is using and what "cam" is referenced, so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

37. Defendants deny the allegations of ¶37 of the Complaint.

38. With respect to ¶38 of the Complaint, Defendants admit that HG briefly offered for sale the Defender FRT but deny that any sales were made.

39. With respect to ¶39 of the Complaint, Defendants admit that the Defender FRT can operate in standard semiautomatic mode and in forced-reset semiautomatic mode.

40. With respect to ¶40 of the Complaint, Defendants admit that when the Defender FRT is in forced-reset mode, cycling of the action causes the hammer to forcefully reset the trigger member and that a locking bar prevents the trigger member from being pulled by the user until the bolt carrier has returned to the in-battery position. Defendants deny the remaining allegations.

41. With respect to ¶41 of the Complaint, Defendants admit that the Defender FRT can operate in standard semiautomatic mode and forced-reset semiautomatic mode, as explained above in ¶39. Defendants deny the remaining allegations.

42. With respect to ¶42 of the Complaint, it is unclear what is meant by "the major components of this Defender FRT," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

43. Defendants deny the allegations of ¶43 of the Complaint.

### COUNT I – INDIRECT INFRINGEMENT OF THE '247 PATENT

44. Defendants incorporate by reference the preceding paragraphs as if fully set forth

herein.

45.     Defendants deny the allegations of ¶45 of the Complaint.

46.     Defendants deny the allegations of ¶46 of the Complaint.

47.     Defendants deny the allegations of ¶47 of the Complaint.

48.     Defendants deny the allegations of ¶48 of the Complaint.

49.     Defendants deny the allegations of ¶49 of the Complaint.

50.     Defendants deny the allegations of ¶50 of the Complaint.

51.     Defendants deny the allegations of ¶51 of the Complaint.

52.     Defendants deny the allegations of ¶52 of the Complaint.

### COUNT II – DIRECT INFRINGEMENT OF THE '223 PATENT

53.     Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

54.     Defendants deny the allegations of ¶54 of the Complaint.

55.     With respect to ¶55 of the Complaint, Defendants admit that "comprising" transitional language creates a presumption that the recited elements are a part of the claimed device and that the claim does not exclude additional unrecited elements.

56.     With respect to ¶56 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

57.     With respect to ¶57 of the Complaint, the Complaint does not define "Infringing

Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

58.     With respect to ¶58 of the Complaint, the Complaint does not define "Infringing Unit." Additionally, though the heading of this count refers to the '223 Patent, this paragraph refers to the '247 Patent, which further renders these allegations unclear. Thus, Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

59.     Defendants deny the allegations of ¶59 of the Complaint.

60.     Defendants deny the allegations of ¶60 of the Complaint.

COUNT III – DIRECT INFRINGEMENT OF THE '003 PATENT

61.     Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

62.     Defendants deny the allegations of ¶62 of the Complaint.

63.     With respect to ¶63 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

64.     With respect to ¶64 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

65.     With respect to ¶65 of the Complaint, the Complaint does not define "Infringing Unit." Additionally, though the heading of this count refers to the '003 Patent, this paragraph refers to the '247 Patent, which further renders these allegations unclear. Thus Defendants lack

knowledge or information sufficient to form a belief regarding these allegations.

66.     Defendants deny the allegations of ¶66 of the Complaint.

67.     Defendants deny the allegations of ¶67 of the Complaint.

COUNT IV – DIRECT INFRINGEMENT OF THE '336 PATENT

68.      Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

69.     Defendants deny the allegations of ¶69 of the Complaint.

70.     With respect to ¶70 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

71.     With respect to ¶71 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

72.     With respect to ¶72 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

73.     Defendants deny the allegations of ¶73 of the Complaint.

74.     Defendants deny the allegations of ¶74 of the Complaint.

COUNT V – DIRECT INFRINGEMENT OF THE '807 PATENT

75.     Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

76. Defendants deny the allegations of ¶76 of the Complaint.

77. With respect to ¶77 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

78. With respect to ¶78 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

79. With respect to ¶79 of the Complaint, the Complaint does not define "Infringing Unit," so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

80. Defendants deny the allegations of ¶80 of the Complaint.

81. Defendants deny the allegations of ¶81 of the Complaint.

<u>PRAYER FOR RELIEF</u>

Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants have not infringed and do not infringe any valid and enforceable claim of the '247 Patent.

3. Defendants have not infringed and do not infringe any valid and enforceable claim of the '336 Patent.

4.      The asserted claims of the '247 Patent are invalid, including for failure to meet the statutory requirements of the Patent Act, 35 U.S.C. § 101, *et seq*.

5.      The asserted claims of the '336 Patent are invalid, including for double-patenting.

6.      Plaintiffs have failed to plead and prove compliance with 35 U.S.C. § 287, thus limiting any damages that they may recover.

7.      Plaintiffs' claims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

8.      Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

9.      Plaintiffs are not entitled to injunctive relief as they, at minimum, have not suffered any irreparable injury.

10.     Defendants' conduct was not the proximate cause of Plaintiffs' alleged damages.

11.     Pursuant to Federal Rule of Civil Procedure 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore Defendants reserve their right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants the same.

## REQUEST FOR ATTORNEY FEES

Defendants have been required to retain the services of legal counsel in order to defend against Plaintiffs' Complaint and are entitled to reasonable attorney fees and costs incurred in the defense of this matter pursuant to 35 U.S.C. § 285, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statutes and/or common law provisions.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury of no fewer than twelve persons on all issues so triable.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2.      That Defendants be awarded their attorney fees, costs, and expenses necessarily incurred in defending itself in this action; and

3.      For such other and further relief as this Court may deem just and proper.

DATED this 31st day of July, 2025.

ELAM & BURKE, P.A.


By:      /s/ *Joyce A. Hemmer*
        Joyce A. Hemmer, Of the Firm
        Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of July, 2025, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jared W. Allen
BEARD ST. CLAIR GAFFNEY PA
955 Pier View Drive
Idaho Falls, ID 83402
allen@beardstclair.com

☐ U.S. Mail
☐ Hand Delivery
☐ Federal Express
☐ Via Facsimile
☒ ECF / Email

Glenn D. Bellamy
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
gbellamy@whe-law.com

☐ U.S. Mail
☐ Hand Delivery
☐ Federal Express
☐ Via Facsimile
☒ ECF / Email

_____/s/ *Joyce A. Hemmer*_____
Joyce A. Hemmer

4935-5489-3657, v. 3

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT [DKT. 1] AND DEMAND FOR JURY TRIAL – 14