Jared W. Allen, ISB No. 5793
BEARD ST. CLAIR GAFFNEY PA
955 Pier View Drive
Idaho Falls, ID 83402
Tel: (208) 523-5171
Fax: (208) 529-9732
Email: allen@beardstclair.com

Glenn D. Bellamy, Ohio Bar No. 0070321
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 707-0243
Fax: (513) 241-6234
E-mail: gbellamy@whe-law.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## EASTERN DIVISION AT POCATELLO

| | |
|---|---|
| ABC IP, LLC and RARE BREED TRIGGERS, INC., | Case No.  4:25-cv-00299 |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |
| HARRISON GUNWORKS LLC, and TYLER HARRISON, | |
| Defendants. | |

This is a patent infringement case. Plaintiffs ABC IP, LLC and Rare Breed Triggers

respectfully move for leave, pursuant to Fed. R. Civ. P. 16(b)(4) and 15(a)(2), and Local Rule

15.1, to file a First Amended Complaint to add a Count asserting infringement of an additional

patent, U.S. Patent No. 12,031,784 ("the '784 Patent" or the "Additional Patent"). The

Scheduling Order [Doc. 21] (the Scheduling Order) set December 3, 2025, as the deadline to amend pleadings and that deadline has passed. Plaintiffs sought Defendants' consent to amend on December 23, 2025, but Defendants declined and advised that they would "probably" oppose this motion. Plaintiffs also propose to clarify the claim chart for Count I and to assert direct infringement of U.S. Patent No. 12,038,247 ("'247 Patent") by the Defendants' offering Super Safety installation service.

The Additional Patent covers the same accused products and underlying technology already at issue here. While Plaintiffs could file another lawsuit asserting the Additional Patent, courts routinely grant leave to amend in patent cases under these circumstances, particularly where discovery is ongoing and at an early stage, trial is not imminent, the orderly progression of the case will not be disrupted, and amendment promotes resolution of all related claims in a single action.

Pursuant to Local Rule 15.1, Plaintiffs submit herewith a proposed First Amended Complaint (Exhibit A), and a redline version of the proposed First Amended Complaint showing the amendments made to the previous iteration of the Complaint (Exhibit B).

## I. BACKGROUND

Plaintiffs initiated this action on June 6, 2025, asserting infringement by Defendants' "Super Safety" device of the '247 Patent. The Scheduling Order set December 3, 2025 (only five weeks ago), as the deadline to amend the pleadings.

Since filing the complaint, Plaintiffs continued to evaluate Defendants' infringing device against other patents owned or licensed by Plaintiffs to determine whether this infringing device, or any other product made, used, sold, or offered for sale by Defendants, infringes the '247 Patent or other patents owned or licensed by Plaintiffs. Plaintiffs only recently determined that

the infringing Super Safety device sold by Defendants also directly infringes the '784 Patent owned or licensed by Plaintiffs, through collaboration with co-counsel in another lawsuit in another district filed earlier this month against a different entity that is also offering the infringing Super Safety device. Once Plaintiffs confirmed infringement, they promptly notified Defendants they intended to assert the Additional Patent and sought Defendants' consent to amend. Defendants declined, necessitating the instant motion.

## II. LEGAL STANDARD

When a party seeks to amend pleadings after the deadline set in the scheduling order, Rule 16(b)(4) governs, which provides that the scheduling order "may be modified only for good cause." The good-cause inquiry focuses primarily on the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-9 (9th Cir. 1992). When the moving party is diligent, as Plaintiffs here, the court should also consider Rule 15. Rule 15(a)(2) instructs that the court "should freely give leave when justice so requires." Factors include undue delay, bad faith, undue prejudice, and futility. *Foman v. Davis*, 371 US 178, 182 (1962).

## III. ARGUMENT

### A.  Plaintiffs Have Shown Good Cause under Rule 16(b)(4)

While the Additional Patent was issued before the complaint was filed, Plaintiffs only recently determined that the infringing Super Safety device sold by Defendants also infringes the '784 Patent which is owned or licensed by Plaintiffs, through collaboration with co-counsel in another lawsuit in another district filed earlier this month against a different entity that is also

selling the infringing Super Safety device. Plaintiffs immediately sought leave to amend the complaint here without undue delay.

Plaintiffs did not wait for the conclusion of claim construction, expert discovery, or dispositive motions before seeking amendment. Coincidently, Defendants filed a Motion to Transfer for Coordination or Consolidation under 28 U.S.C. § 1407 on December 23, 2025 (*last week*), before the United States Judicial Panel on Multidistrict Litigation to consolidate this case and five other cases involving the Super Safety accused device, for common resolution of claim construction. Plaintiffs are simultaneously moving to amend in all of these cases. Plaintiffs' diligent actions, coupled with Defendants' recent motion to transfer this case to Multidistrict Litigation for claim construction, demonstrates diligence sufficient to satisfy Rule 16(b)(4) (and no undue prejudice to Defendants).

### B.  Leave to Amend is Warranted under Rule 15(a)(2)

The proposed First Amended Complaint is not futile. The proposed First Amended Complaint plausibly alleges infringement of the Additional Patent under 35 U.S.C. § 271, supported by factual allegations regarding Defendants' accused products. Whether Defendants dispute infringement is not a basis to deny leave here.

There is no undue prejudice to Defendants here. Fact discovery and particularly claim construction discovery is ongoing, and claim construction briefing will not occur for months. The Additional Patent is asserted against the same accused products and technology so that it will not expand the scope of accused products. Any incremental discovery burden is minimal and manageable.

The First Amended Complaint is not sought in bad faith. Plaintiffs do not seek amendment for purposes of delay or tactical advantage. The First Amended Complaint is sought

solely to assert a related infringement claim based on recent evaluation of the Additional Patent in another matter.

Asserting the Additional Patent now should come as no surprise to Defendants and should not alter the case schedule for claim construction. Amending the complaint to add the '784 Patent rather than forcing Plaintiffs to file a separate suit would serve judicial economy and conserve resources of the court and parties since the same parties, infringing devices and overlapping technical issues at issue with the Additional Patent are similar to those already asserted relating to the '247 Patent. Denying leave to amend would likely result in a separate action involving duplicative discovery and unnecessary expenditure of judicial and party resources. Consequently, Defendants will not be unduly prejudiced by allowing Plaintiffs to file the proposed First Amended Complaint. Accordingly, amendment is appropriate.


## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant this Motion for Leave to File the proposed First Amended Complaint attached as **Exhibit A**, modifying the Scheduling Order as necessary and granting any other relief deemed just and proper.

Respectfully submitted,

*s/Glenn D. Bellamy*
Glenn D. Bellamy (Ohio Bar No. 0070321)
Wood Herron & Evans, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
gbellamy@whe-law.com
Telephone: (513) 707-0243
Fax: (513) 241-6234

Jared W. Allen, ISB No. 5793
BEARD ST. CLAIR GAFFNEY PA

955 Pier View Drive
Idaho Falls, ID 83402
Tel: (208) 523-5171
Fax: (208) 529-9732
Email: allen@beardstclair.com

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 9, 2026, I electronically filed the foregoing with the

Clerk of the United States District Court using the CM/ECF system, which will send notification

of such filing to all attorneys of record.


_s/ Glenn D. Bellamy_____

Glenn D. Bellamy